# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SANDRA B. TOODLE,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>BARRACK OBAMA, et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:14-cv-00034-JCM-CWH<br><br>**ORDER**<br><br>Application to Proceed *In Forma Pauperis* (#1) and Screening of Complaint |

　　　　This matter is before the Court on Plaintiff's Motion/Application for Leave to Proceed *in Forma Pauperis* (#1), filed January 8, 2014. Plaintiff also filed a Supplement (#2) on January 16, 2014.

　　　　Upon granting a request to proceed *in forma pauperis*, a court must screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual

frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff has a history of litigation in the District of Nevada and has had other, similar cases dismissed for raising fanciful claims.  *See Toodle v. Queen Elizabeth II, et al.*, 2:13-cv-00599-MMD-NJK (Plaintiff's complaint dismissed as it was "rife with fanciful and nonsensical allegations); *Toodle v. United States, et al.*, 2:03-cv-00656-LRH-RJJ (dismissing complaint because the allegations were "clearly fantastic and delusional").[1]  Here, Plaintiff seeks $88 zillion dollars in damages in order replenish a prior account opened in Plaintiff's behalf by Queen Elizabeth in the amount of $86 zillion.  Plaintiff claims that President Barack Obama had the money transferred from her account into his own private account in a bank located in Acapulco, Mexico.  She further claims that Defendants Gwendolyn Johnson and Sharon Johnson are paying unnamed individuals $1000.00 from private healthcare accounts to open security doors at Plaintiff's housing complex to permit city employees, state employees, and police officers to brutally rape Plaintiff for purposes of producing pornographic materials.  Further recounting of the allegations is unnecessary.  The complaint is clearly fanciful and based on delusional factual scenarios.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is **granted**.  Plaintiff shall not be required to prepay the full filing fee.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the

---

[1] According to the Court's electronic records, Plaintiff has filed at least six prior cases in this district.

issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the Complaint (#1-1).

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's complaint (#1-1) be **dismissed with prejudice** for failure to state a claim upon which relief can be granted because it is fanciful and based on delusional factual scenarios.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated: January 21, 2014

_____
C.W. Hoffman, Jr.
United States Magistrate Judge