1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SANDRA B. TOODLE,

       Plaintiff(s),

v.

PRESIDENT BARRACK OBAMA, et al.,

       Defendant(s).

2:14-CV-34 JCM (CWH)

**ORDER**

Presently before the court is Magistrate Judge Hoffman's report and recommendation. (Doc. # 3). Plaintiff Sandra Toodle has not filed objections to the report, and the deadline to do so has passed.

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v.*

**James C. Mahan**
**U.S. District Judge**

*Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna–Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then this court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this court finds it appropriate to engage in a de novo review to determine whether to adopt the recommendation of the magistrate judge. The magistrate aptly summarized plaintiff's history and the instant complaint as follows:

> Plaintiff has a history of litigation in the District of Nevada and has had other, similar cases dismissed for raising fanciful claims. *See Toodle v. Queen Elizabeth II, et al.*, 2:13-cv-00599-MMD-NJK (Plaintiff's complaint dismissed as it was "rife with fanciful and nonsensical allegations"); *Toodle v. United States, et al.*, 2:03-cv-00656-LRH-RJJ (dismissing complaint because the allegations were "clearly fantastic and delusional"). Here, Plaintiff seeks $88 zillion dollars in damages in order replenish a prior account opened in Plaintiff's behalf by Queen Elizabeth in the amount of $86 zillion. Plaintiff claims that President Barack Obama had the money transferred from her account into his own private account in a bank located in Acapulco, Mexico. She further claims that Defendants Gwendolyn Johnson and Sharon Johnson are paying unnamed individuals $1000.00 from private healthcare accounts to open security doors at Plaintiff's housing complex to permit city employees, state employees, and police officers to brutally rape Plaintiff for purposes of producing pornographic materials.

(Doc. # 3, at 2).

Instead of filing objections, plaintiff has filed an "amendment" alleging, *inter alia*, that the Gold Coast Casino and Bank of America are issuing checks using her money to various schools, that the government has established a rehabilitation clinic in her apartment without her permission, and that she is being raped and tortured by unidentified individuals. (*See* doc. # 6). In addition, plaintiff has sent a letter to the court alleging that the undersigned is using her bank card to purchase meals at Caesar's Palace, and requesting a similar card be issued to her. Plaintiff further alleges that

**James C. Mahan**
**U.S. District Judge**

- 2 -

unidentified individuals are "gasing" [sic] her residence. (*See* doc. # 7). The court agrees that plaintiff's allegations are fanciful and based on delusional factual scenarios.

Upon reviewing the recommendation and underlying briefs, this court finds good cause appears to ADOPT the magistrate's findings in full.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Hoffman's report and recommendation (doc. # 3) be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that plaintiff's complaint (doc. # 4) be, and the same hereby is, DISMISSED with prejudice. The clerk shall enter judgment accordingly and close the case.

DATED March 3, 2014.

**UNITED STATES DISTRICT JUDGE**